**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Erick JACKSON, Defendant–Appellant.**

No. 97–3924.

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 28, 1999

Decided June 10, 1999.

Terry Lehmann, Office of U.S. Atty., Cincinnati, OH, Salvador A. Dominguez (briefed), Office of U.S. Atty., Columbus, OH, for Plaintiff–Appellee.

Stephen E. Palmer (briefed), Yavitch & Palmer, Columbus, OH, Erick Jackson (briefed), Federal Correctional Institute, Bradford, PA, for Defendant–Appellant.

Before: KENNEDY, DAUGHTREY, and CLAY, Circuit Judges.

## OPINION

CLAY, Circuit Judge.

Defendant Erick Jackson appeals · the order of the district court resentencing him for his conviction for conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), on the grounds that the district court retaliated against him by imposing a greater sentence on remand and that he did not receive effective assistance of counsel during resentencing. For the reasons set forth below, we REVERSE the judgment of the district court and REMAND for further proceedings.

## I.

A federal grand jury in Columbus, Ohio returned a twenty-nine count indictment on February 16, 1994, charging fifteen individuals with various federal criminal offenses stemming from a conspiracy to distribute powder and crack cocaine. Count I of this indictment charged Defendant with conspiring to possess with the intent to distribute more than 500 grams of powder cocaine or more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1).[1] Defendant pled not guilty to the charge on June 6, 1994.

Ten of the defendants named in the indictment entered into plea agreements with the government. The remaining five, including Defendant, proceeded to a jury trial on November 1, 1994.[2] The jury returned a guilty verdict against Defendant as to the charge set forth in Count I in the indictment. In accordance with the United States Sentencing Guidelines ("Guidelines"), the district court ordered a Presentence Investigation Report ("PSI"). The PSI reported three criminal history points, placing Defendant in a criminal history category of II. The district court found Defendant responsible for 1,725.97 grams of cocaine. In Defendant's case, these findings produced a Guidelines sentence range of 262 to 327 months. Defendant appeared for sentencing on June 7, 1995, and received a sentence of 262 months . imprisonment. Defendant filed a timely notice of appeal to this Court on June 7, 1995.

On appeal, Defendant's case was consolidated with those of his co-defendants, including that of Vincent Welch, another individual charged ·in the indictment. *See United States v. Welch*, 97 F.3d 142 (6th Cir.1996). In that appeal, Defendant argued that (1) the district court erroneously calculated the amounts of drugs attributable to him; (2) the district court erroneously found that he was not a minor participant; (3) the district court erroneously failed to consider a "quantity-time factor" in sentencing him; (4) the district court erroneously upheld the constitutionality of the 100:1 ratio in cocaine sentencing; and (5) his conviction was not supported by sufficient evidence. In an opinion issued on October 2, 1996, a panel of this Court

---

1. The provision governing Defendant's offense states that "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance." 21 U.S.C. § 841(a)(1) (1994).

2. Defendant was tried jointly with Michael Clemmons, Quinton Parker, Antario Mercury, and Matt Lindsay.

rejected all but one of Defendant's arguments. *See Welch,* 97 F.3d at 148–54. This Court concluded that the district court improperly attributed a particular instance of drug trafficking and a particular drug quantity to Defendant. *See id.* at 153. Accordingly, this Court vacated Defendant's sentence and remanded for resentencing. *See id.*

On remand, the district judge that initially sentenced Defendant received a revised PSI regarding Defendant. In the revised PSI, the United States Probation Officer attributed to Defendant an additional criminal history point, bringing Defendant to a total of four criminal history points and placing Defendant in a criminal history category of III instead of II. When Defendant appeared for resentencing before the district court on October 2, 1997, defense counsel objected to the addition of a criminal history point. The government told the district court that the change in Defendant's criminal history points and therefore in his criminal history category resulted from the correction of a miscalculation in the first PSI, in that while the first PSI failed to count a conviction for rioting in Defendant's record, the second PSI included the conviction in its criminal history calculation. The district court adopted the increase in Defendant's criminal history, noting that the crime of rioting was a misdemeanor in Ohio and that Guidelines computations of criminal history include misdemeanors. The district court found Defendant responsible for 951.025 grams of cocaine, approximately one-half the amount found at the previous sentencing.

Under a criminal history category of III and an offense level of 36, the Guidelines set forth a sentence range of 235 to 293 months imprisonment, supervised release for five years, a fine ranging from $25,000 to $4,000,000, and a statutory fee of $50. The district court imposed on Defendant a sentence of 292 months imprisonment, supervised release for five years, a fine in the amount of $1,000, and a statutory fee of $50. Defendant filed a second notice of appeal to this Court on June 19, 1997.

## II.

As a preliminary matter, we observe that in addition to raising claims of retaliatory resentencing and ineffective assistance of counsel, Defendant challenges for a second time before this Court (1) the sufficiency of the evidence supporting his conviction; (2) the constitutionality of the sentencing of offenses involving crack cocaine; (3) the district court's finding that he was not a minor participant in the drug conspiracy; and (4) the district court's failure to employ a "quantity-time factor" analysis in determining the amount of cocaine for which it could sentence Defendant. Because another panel of this Court decided those issues in *Welch,* 97 F.3d at 142,[3] we decline Defendant's invitation to revisit them in this appeal.

## III.

We view constitutional challenges to sentences as questions of law subject to a de novo standard of review. *See United States v. Smith,* 73 F.3d 1414, 1417 (6th Cir.1996) (citing *United States v. Knipp,* 963 F.2d 839, 843 (6th Cir.1992)).

---

**3.** We note that *Welch* did not expressly discuss Defendant's theory that the district court should have employed a "quantity-time factor" analysis in its sentencing. Under that approach, a sentencing court may depart downward in sentencing an offender with a low level of culpability or proprietary interest in a drug trafficking conspiracy where attributable aggregate drug quantities place such an offender at the high end of the drug quantity table. *See United States v. Lara,* 47 F.3d

60, 67 (2d Cir.1995). Nevertheless, this Court in *Welch* implicitly addressed this claim by affirming the district court's conclusion that Defendant personally distributed the drugs at issue and was not a minor participant in the conspiracy. Indeed, the panel noted that Defendant "recruited others to traffic drugs, had 'a couple of crack houses' in 1988, dealt numerous ounces of crack in 1990, and received numerous ounces of crack in 1992." *Welch,* 97 F.3d at 152.

We also review de novo claims of ineffective assistance of counsel, since the analysis of such a claim requires a consideration of mixed questions of law and fact. *See Blackburn v. Foltz*, 828 F.2d 1177, 1181 (6th Cir.1987). Any findings of fact pertinent to the ineffective assistance of counsel inquiry are subject to a "clearly erroneous" standard of review. *See id.* We turn now to Defendant's respective challenges to the conduct of the district court and his attorney at his resentencing.

## A.

■ Constitutional due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce*, the Court announced, in order to assure the absence of retaliatory motivation in sentencing, that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id.* at 726, 89 S.Ct. 2072. The Court's subsequent jurisprudence makes clear that the principle announced in *Pearce* constitutes a "prophylactic rule" that provides for a "presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *United States v. Goodwin*, 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Such information may come to the attention of a judge from a new presentence investigation or possibly from other sources. *See Pearce*, 395 U.S. at 723, 89 S.Ct. 2072. We have applied the *Pearce* rule where a defendant is merely resentenced and not retried on remand. *See, e.g., United States v. Duso*, 42 F.3d 365 (6th Cir.1994).

■ Cases following *Pearce* illustrate that while due process does not forbid enhanced sentences, it prohibits actual vindictiveness against a defendant for having exercised his rights. *See Wasman v.*

*United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). They further instruct that "where the presumption applies, the sentencing authority ... must rebut the presumption that an increased sentence ... resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness." *Id.* Since *Pearce*, the Court has hesitated to extend the presumption of vindictiveness in cases where it has perceived that the likelihood of vindictiveness was less pronounced. For example, the Court has concluded that the possibility of vindictiveness in sentencing did not inhere where a de novo tribunal retried the defendant, *see Colten v. Kentucky*, 407 U.S. 104, 116, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), where a jury imposed an increased sentence after a retrial, *see Chaffin v. Stynchcombe*, 412 U.S. 17, 27, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), or where the trial judge herself called for retrial, *see Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). These cases suggest that even where a defendant receives a higher sentence on remand or after a retrial, the presumption of *Pearce* does not operate where the entity imposing the higher sentence does not have a "personal stake" or a "motivation to engage in self-vindication." *Chaffin*, 412 U.S. at 27, 93 S.Ct. 1977. Again, however, where the presumption does not apply, a defendant may still prevail by showing actual vindictiveness on the part of the sentencing authority. *See Wasman*, 468 U.S. at 569, 104 S.Ct. 3217.

■ In this case, the district court originally sentenced Defendant at the low end of the Guidelines range by imposing 262 months imprisonment. On remand after a successful appeal by Defendant, the district court revisited the sentencing procedure and discovered that it had failed to consider a particular conviction in calculating Defendant's criminal history during the first sentencing. Inclusion of this conviction in the criminal history calculation at resentencing caused Defendant's crimi-

nal history category to increase by one level. At the same time, the district court held Defendant responsible for a significantly lesser amount of drugs. Together these developments in the second sentencing led to a Guidelines range of 235 to 293 months imprisonment. While the district court sentenced Defendant at the low end of the Guidelines range prior to his appeal, it sentenced Defendant at the high end of the Guidelines range on remand, ultimately imposing 292 months imprisonment—a sentence thirty months higher than the one it gave Defendant prior to his appeal. These facts give rise to the *Pearce* presumption of vindictiveness.[4] *See Wasman,* 468 U.S. at 568, 104 S.Ct. 3217. Furthermore, since the same judge resentenced Defendant, this case does not fall under the exception reserved under *Pearce* for sentencing authorities that lack a personal stake or motivation to engage in self-vindication. Accordingly, due process compelled the district court to give "objective reasons" for imposing a higher sentence on Defendant on remand than the one it imposed prior to his appeal.

▪ The district court had a statutory obligation in this case to announce in open court the reasons for the sentence, because the range set forth by the Guidelines exceeded twenty-four months and the sentence imposed fell within that range. *See* 18 U.S.C. § 3553(c)(1) (1994). Specifically, the district court stated the following:

> the Court selects 292 months, which is at the high end of the range, because of

the defendant's long involvement in drug trafficking, the significant amount of drugs involved, the wide range of this conspiracy to which he was a party, his apparent refusal to accept responsibility for his conduct, his scofflaw attitude, reflected in his criminal history score, which militates against any reasonable expectation of rehabilitation as a result of a shorter sentence.

(Sentencing Hr'g Tr. at 28–29; J.A. at 469–70.) While the reasons given by the district court are "objective reasons," Defendant argues, in essence, that because the district court failed to explain why these "objective reasons" did not lead to sentencing at the high end of the Guidelines prior to the appeal or why its second sentence was thirty months longer than its original sentence, the given justification does not suffice as a matter of law to overcome the presumption of vindictiveness that has arisen. We agree that while the district court's explanation contained objective reasons and satisfied statutory guideline requirements, it failed to adequately explain the need to increase Defendant's sentence.

▪ *Pearce* and its progeny say little about the lengths to which a sentencing authority must go to overcome a presumption of vindictiveness when it applies. Indeed, while placing a burden on judges who impose higher penalties at resentencing, the Court has been careful to preserve wide discretion in determining an appro-

---

4. It is for the absence of similar factual scenarios in *United States v. Bond,* 171 F.3d 1047, 1049 (6th Cir.1999), and *Pasquarille v. United States,* 130 F.3d 1220, 1223 (6th Cir. 1997), that these decisions do not apply to this case. In *Bond,* this Court found no vindictiveness in sentencing when a district judge resentenced a defendant under a higher criminal category without citing new developments in the defendant's criminal history. *See* 171 F.3d at 1051 (Merritt, J., dissenting). In *Pasquarille,* this Court rejected a claim of vindictive sentencing with the observation that "[i]mposing a sentence that the Guidelines make appropriate for [the defendant's] conduct is not fundamentally unfair." 130

F.3d at 1223 (quoting *United States v. Harrison,* 113 F.3d 135, 138 (8th Cir.1997)). Significantly, the defendants in both *Bond* and *Pasquarille* received lower sentences at resentencing. *See Bond,* 171 F.3d at 1050 (Merritt, J., dissenting); *Pasquarille,* 130 F.3d at 1223. Consequently, the *Pearce* presumption of vindictiveness never arose in those cases, leaving this Court to consider only whether the defendants could show actual vindictiveness, which requires direct evidence, on the part of the courts that sentenced them. *See Wasman,* 468 U.S. at 569, 104 S.Ct. 3217; *Goodwin,* 457 U.S. at 380–81 & nn. 12–13, 102 S.Ct. 2485.

priate sentence, so that a court may consider all information that reasonably bears on the proper sentence for the defendant, given the crime committed. *See Wasman,* 468 U.S. at 563, 104 S.Ct. 3217. Under *Pearce,* it remains possible that "once the slate is wiped clean ... a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process." *Chaffin,* 412 U.S. at 25, 93 S.Ct. 1977. Accordingly, we have stated:

> [t]here is a calculated risk taken by a defendant in appealing his sentence computation. If the defendant convinces a court on appeal that the sentence was wrongly computed and the court remands for resentencing, there appears to be no prohibition in the guidelines, or in the case law interpreting the guidelines, keeping a district judge from revisiting the entire sentencing procedure.

*Duso,* 42 F.3d at 368.

*Pearce* permits a district court to impose a higher sentence on remand, but simultaneously requires that court to give reasons "based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." 395 U.S. at 726, 89 S.Ct. 2072. In defining the strength of the *Pearce* presumption of vindictiveness, the Court has announced that a district court could meet its burden by identifying "relevant conduct or events that occurred subsequent to the original sentencing proceedings." *Wasman,* 468 U.S. at 572, 104 S.Ct. 3217. "Relevant conduct or events" sufficient to overcome the presumption of vindictiveness are those that throw "new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" *Id.* at 570–71, 104 S.Ct. 3217 (quoting *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)). In the end, a district court imposing a higher sentence on remand must "detail the reasons for an increased sentence or charge" so that appellate courts may "ensure that a nonvindictive rationale supports the increase." *Id.* at 572, 104 S.Ct. 3217.

In the present case, the district court set forth objective reasons on the record for the sentence it imposed upon Defendant after his appeal. While these reasons appear to be nonvindictive, however, they do not explain the increase in Defendant's sentence. Under the principles we have set out, "the record must show more than that the judge simply articulated some reason for imposing a more severe sentence. The reason must have at least something to do with conduct or an event, other than the appeal, attributable in some way to the defendant." *United States v. Rapal,* 146 F.3d 661, 664 (9th Cir.1998). At resentencing, the court did not identify any "relevant conduct or events" that came to its attention during the time that passed between Defendant's first and second sentencings. Indeed, the justifications cited by the district court for its higher sentence—that Defendant had long been involved in drug trafficking, had participated in a wide ranging drug conspiracy, had refused to take responsibility for his conduct, and possessed a "scofflaw attitude" and a greater criminal history score—do not reflect information that was not before the court at the first sentencing or that developed after the first sentencing.

█ Because due process compelled the district court to affirmatively explain the increase in its sentence in order to overcome the *Pearce* presumption of vindictiveness, we find that the reasons given by the district court fail to ensure that a nonvindictive rationale led to the second, higher sentence. Accordingly, we remand to the district court either for resentencing or for a more precise explanation of the reasons why it determined to give Defendant a more severe penalty at resentencing than it did at his first sentencing. Specifically, should it choose the latter route, the district court should identify any relevant conduct or events or other information that came to its attention during

the time between the two sentencings that gave rise to objective reasons for imposing upon Defendant an additional thirty months imprisonment.

### B.

 This Court does not generally address claims of ineffective assistance of counsel when raised on direct appeal. *See, e.g., United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir.1996). Such a claim is best brought in a post-conviction proceeding under 28 U.S.C. § 2255. *See United States v. Seymour,* 38 F.3d 261, 263 (6th Cir.1994). One reason for this rule is that claims of ineffective assistance of counsel require a factual finding of prejudice, and appellate courts are not well-equipped to undertake the resolution of factual issues. *See United States v. Aguwa,* 123 F.3d 418, 423 (6th Cir.1997). In the present case, Defendant charges that his attorney prejudiced him by failing to object to the vindictiveness that took place at resentencing. However, the record contains no evidence permitting this Court to determine whether defense counsel indeed behaved unreasonably or whether his decision not to object was a strategic one or one "chilled" by the apparent vindictiveness of the district court. *See Wiley v. Sowders,* 647 F.2d 642, 648 (6th Cir.1981); *see also Pearce,* 395 U.S. at 724, 89 S.Ct. 2072. We consequently decline to address Defendant's claim of ineffective assistance of counsel so that the parties may develop an adequate record on the issue. *See United States v. Goodlett,* 3 F.3d 976, 980 (6th Cir.1993).

### IV.

For the reasons set forth above, we REVERSE the judgment of the district court, and REMAND for further proceedings consistent with this opinion.