RYAN, Circuit Judge.
The state of Michigan, through Warden Kenny Robinson, appeals from the district court’s order conditionally granting a writ of habeas corpus to the petitioner, David Michael Koras. The district court ordered Koras to be released from custody unless the state court schedules an evidentiary hearing within ninety days to determine whether Koras was improperly interrogated in violation of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Koras cross-appeals the district court’s decision denying habeas relief for his other remaining claims on the ground that they are barred by procedural default. The district court concluded that, although all of Koras’s claims were procedurally defaulted in state court, Koras had established cause and prejudice with respect to the Edwards claim because his trial and appellate counsel were constitutionally ineffective. Because we conclude Koras did not receive ineffective assistance of counsel, we REVERSE.
I. BACKGROUND
On the morning of February 16, 1994, a car came smashing into the front end of Parham’s Barbershop in Inkster, Michigan. David Latham, an employee of the barbershop, looked over and saw the driver slumped over the steering wheel. The passenger, whom Latham later identified as Koras, quickly exited the vehicle, saying “you better check the guy inside.” The passenger started walking away from the accident and then began running down the street. Latham and two other bystanders pursued and apprehended him, a short distance away. Police arrived shortly after the accident and arrested Koras. Dwayne Tindell, the driver of the car, had been stabbed in the chest and died from his wounds. Koras was subsequently charged for Tindell’s death.
Following a bench trial, Koras was convicted of second-degree murder and sentenced to twenty-five to fifty years’ imprisonment. Koras, through his court-appointed attorney, appealed as of right from the conviction and sentence, alleging that 1) the inculpatory statements he made to police were erroneously admitted because the statements were involuntarily given or coerced, and 2) the trial judge *210 violated the principle of proportionality by sentencing him to twenty-five to fifty years in prison for second-degree murder. The Michigan Court of Appeals affirmed Koras’s conviction and sentence, and his application for leave to appeal in the Michigan Supreme Court was denied.
Koras subsequently filed a motion for post-conviction relief in the trial court and presented an entirely new set of claims, including the claim that under Edwards, his confession was improperly admitted into evidence because he had previously invoked and was denied his right to have counsel present during his interrogation. The trial court denied the motion because Koras failed to argue any of those claims on direct appeal. Koras then filed a delayed application for leave to appeal the trial court’s denial of his motion for post-conviction relief in both the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave to appeal.
Koras then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan, Southern Division. The state of Michigan, in opposing the writ request, argued that Koras’s claims were procedurally defaulted because, during post-conviction proceedings, the claims had been dismissed under Michigan Court Rule 6.508(D)(3) for failing to raise those claims on direct appeal. After an evidentiary hearing, the district court issued an order conditionally granting a writ of habeas corpus. The district court determined that Koras’s procedural default on the Edwards claim was excused because Koras’s trial and appellate counsel rendered ineffective assistance by failing to argue that his statements to police were taken in violation of Edwards. The district court further determined that review of Koras’s remaining claims was barred by procedural default because, although trial counsel had argued those claims at sentencing, appellate counsel had not been ineffective for failing to raise those claims on direct appeal. The state of Michigan subsequently filed a timely notice of appeal, and Koras filed a timely notice of cross-appeal.
II. ANALYSIS
A.
The Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused from compulsory self-incrimination. In Miranda v. Arizona, the Supreme Court held that, in order to protect against compulsory self-incrimination, a suspect may not be subjected to custodial interrogation until he has been informed of his right to counsel and his right to remain silent. 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The Court declared that if a suspect invokes his right to counsel, “the interrogation must cease until an attorney is present.” Id. at 474. In Edwards v. Arizona, the Supreme Court clarified that when a suspect has invoked the right to counsel, he may not be “subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.” 451 U.S. at 484-85.
Koras contends that, under Edwards, his statements to police were improperly admitted because those statements were recorded after he invoked, and was denied, his right to counsel. On February 17, 1994, Detective Darryl Tubbs of the City of Inkster Police Department visited Koras in his cell and informed him of his constitutional rights under Miranda. The parties disagree as to what happened next. According to Tubbs, Koras asked him if he needed a lawyer. Tubbs testified he told *211 Koras, “I don’t know. I didn’t know what would happen.” Koras, however, maintains he made an unequivocal request for an attorney, but was refused. Koras then proceeded to give a statement in which he admitted to stabbing Tindell, although he insisted it was an accident.
Although the Edwards claim was procedurally defaulted because Koras did not raise the issue on direct appeal, he nevertheless contends that the district court correctly ruled that the ineffective assistance of Koras’s trial and appellate counsel constitutes “cause,” thereby excusing the procedural default. Because a claim of ineffectiveness of counsel raises mixed questions of law and fact, this court reviews the district court’s ruling on such a claim de novo. United States v. Jackson, 181 F.3d 740, 744 (6th Cir.1999). “Any findings of fact pertinent to the ineffective assistance of counsel inquiry are subject to a ‘clearly erroneous’ standard of review.” Id. (citation omitted).
Under the Sixth and Fourteenth Amendments, a state criminal defendant has a right to the effective assistance of counsel at trial, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and on his first appeal as of right, Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In Strickland, the Supreme Court established a two-part test for determining whether a defendant has received ineffective assistance of counsel. First, the defendant must prove that counsel’s performance was deficient; that is, the defendant must establish “that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment.” Strickland, 466 U.S. at 687. Second, the defendant must show that counsel’s deficient performance prejudiced the defendant. To establish prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694. While “a defendant need not show that counsel’s deficient conduct more likely than not altered the outcome in the case,” neither is it sufficient “for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.” Id. at 693.
During an evidentiary hearing in the district court, Koras’s trial counsel testified he could not remember whether Koras told him he had requested an attorney before making his statement to police. Trial counsel recalled that he may not have moved to suppress the statement under Edwards because, in light of Tubbs’s testimony, Koras’s alleged request for an attorney was ambiguous. In Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350,129 L.Ed.2d 362 (1994), the Supreme Court held that the cessation of custodial interrogation is required only upon a suspect’s unambiguous request for counsel, and that the petitioner’s passing remark, “Maybe I should talk to a lawyer,” was too ambiguous to require interrogators to cease questioning. Id. at 462. Considered thus far, trial counsel’s decision not to object to the admission of Koras’s statements to police under Edwards appears competent because Tubbs’s testimony indicates Koras did not make an unambiguous request for counsel.
Koras, however, insists he did make an unambiguous request for an attorney, a contention that is supported by the testimony of forensic psychologist Dr. Firoza B. Van Horn. During a hearing before trial, Dr. Van Horn, who was not present at Koras’s interrogation, testified that “[Koras] was coerced. He asked for a *212 lawyer, and they did not want him to— they told him he didn’t need one ... [and] he was forced to make a statement, although he had refused to make the statement.” Moreover, in a psychological evaluation sent to trial counsel on November 2, 1994, Dr. Van Horn wrote, “After his rights were read to him, he asked for a lawyer and a lie detector test which were denied.” During the evidentiary hearing, trial counsel admitted that he knew Koras told Dr. Van Horn he had requested a lawyer and was denied.
In deciding whether trial counsel rendered ineffective assistance, we need not decide whether trial counsel’s performance was incompetent because “[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed.” Strickland, 466 U.S. at 697. Even assuming trial counsel rendered deficient performance, we fail to discern a reasonable probability that counsel’s performance altered the outcome of the trial. In order for us to find a reasonable probability that the outcome of the trial was altered by counsel’s performance, we must first conclude there was a reasonable probability that a motion to suppress Koras’s statements under Edwards would have been successful. See United States v. Carter, 355 F.3d 920, 924 (6th Cir.2004). This is not a case where it is undisputed that the defendant made an unambiguous request for an attorney. Officer Tubbs’s testimony indicates that Koras’s request for an attorney was ambiguous, if indeed it can fairly be deemed a request. Dr. Van Horn’s testimony, in contrast, indicates Koras made an unequivocal request for an attorney.
Had trial counsel moved to suppress Koras’s inculpatory statements under Edwards, we can only speculate what evidence trial counsel could have presented in support of the motion. The Supreme Court’s decision in Davis indicates the burden is on the defendant to prove that he clearly invoked his right to counsel in the first instance. 512 U.S. at 458-59. Dr. Van Horn’s testimony was the only evidence in the record supporting the Edwards claim at the time of the trial. Koras might have testified in support of the motion, although that seems unlikely given that he did not testify in support of his unsuccessful motion to suppress his statements on the basis of involuntariness. The trial judge’s ruling on the motion apparently would have boiled down to a credibility determination regarding the conflicting testimony. There is no evidence in the record making Dr. Van Horn’s rendition of the relevant events more credible than Tubbs’s rendition. Dr. Van Horn could not have testified from firsthand knowledge because she was not present at Koras’s interrogation, while Tubbs had personal knowledge of what was said. Nor did the district court have an opportunity to assess the credibility of Tubbs, Dr. Van Horn, or Koras because they did not testify during the evidentiary hearing. Where “one is left with pure speculation on whether the outcome of the trial ... could have been any different,” there is an insufficient showing of prejudice. Baze v. Parker, 371 F.3d 310, 322 (6th Cir.2004). Based on the record before us, we cannot conclude there is a reasonable probability that Koras’s motion to suppress would have succeeded, and consequently, that the outcome of the trial would have been any different.
Koras also argues that his appellate counsel was constitutionally ineffective for failing to raise the Edwards claim. Because trial counsel did not preserve the Edwards claim for appellate review, appellate counsel was left with the option of either arguing trial counsel was ineffective for failing to raise the Edwards claim, or *213 arguing the admission of Koras’s statements to police was plain error. Mich. R. Evid. § 103(d). Because we conclude the claim of ineffectiveness of trial counsel is not meritorious because Koras cannot show the prejudice needed to sustain that claim, his claim of ineffective assistance of appellate counsel also fails. Nor was appellate counsel ineffective for failing to argue plain error. Under that rigorous standard, “[rjeversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of defendant’s innocence.” People v. Ackerman, 257 Mich.App. 434, 669 N.W.2d 818, 827 (2003). We see no reasonable probability that, absent appellate counsel’s performance, Koras “would have prevailed on his appeal.” Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Accordingly, Koras has not established he received ineffective assistance of appellate counsel so as to establish “cause” for the procedural default of his Edwards claim.
B.
Koras also contends his due process rights under the Fourteenth Amendment were violated at sentencing. Although Koras’s due process claims were procedurally defaulted in state court, Koras maintains appellate counsel’s ineffectiveness constituted cause excusing the default.
“[Fjederal habeas corpus relief does not lie for errors of state law.” Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). In reviewing a petition for a writ of habeas corpus, “a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.” Baze, 371 F.3d at 322. Although errors of state law are generally not reviewable in a federal habeas proceeding, an alleged violation of state law “could, potentially, ‘be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.’ ” Bowling v. Parker, 344 F.3d 487, 521 (6th Cir.2003) (quoting Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)), cert. denied, — U.S. -, 125 S.Ct. 281, 160 L.Ed.2d 68 (2004). A sentence imposed on the basis of material “misinformation of constitutional magnitude’ ” may violate due process under some circumstances. Roberts v. United States, 445 U.S. 552, 556, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980) (citation omitted). “A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence.” United States v. Stevens, 851 F.2d 140,143 (6th Cir.1988).
Koras first contends that the sentencing judge erroneously increased the “score” of offense variable six from ten points to twenty-five points. Under the Michigan Sentencing Guidelines, a defendant convicted of second-degree murder must receive ten points, rather than twenty-five points, if the death took place in a combative situation. Mich. Comp. Laws Ann. § 777.36(2)(b). Although Koras essentially quarrels with the trial judge’s application of state law, he attempts to give his argument a constitutional dimension by claiming the judge violated his due process right to be sentenced according to accurate information. The judge declined to assess the petitioner with only ten points for inflicting death in a combative situation, apparently because the judge rejected Koras’s claim that he had stabbed the victim *214 during a combative situation after adequate provocation. There is no significant evidence in the record that Koras and the victim were engaged in a physical fight, so the issue was neither “significant” nor “obvious.” Mapes v. Coyle, 171 F.3d 408, 427 (6th Cir.1999). Moreover, had appellate counsel raised the issue on direct appeal, she would have had to overcome a deferential “abuse of discretion” standard of review. See People v. Hornsby, 251 Mich. App. 462, 650 N.W.2d 700, 704 (2002). Thus, even assuming that Koras’s claim is not based solely on a violation of state law, appellate counsel was not deficient for failing to raise this issue, and the underlying substantive claim has been procedurally defaulted.
Next, Koras contends he was deprived of his due process rights because the trial judge failed to articulate in the record the reasons for the sentence imposed. The fact that the trial judge allegedly failed to articulate the reasons for enhancing Koras’s sentence in violation of Michigan Court Rule 6.425(D)(2)(e) and Michigan case law is not itself a basis for federal habeas corpus relief. Moreover, the record evinces sufficient evidence of the reasons supporting the sentence to avoid any federal due process concerns. Finally, the judge did articulate the reasons underlying the sentence, noting, among other things, that Koras was not being victimized or acting in self-defense, that his conduct was goal-directed, and that his actions were motivated by his desire to obtain drugs. Consequently, appellate counsel did not render ineffective assistance by failing to argue this claim on direct appeal, and the underlying substantive claim has been procedurally defaulted.
Koras next claims the trial court failed to respond to his objection at sentencing to allegedly inaccurate information in the presentence investigation report. First, the presentence investigation report stated Koras called Tindell from a 7-Elev-en. Koras objected, stating he did not contact Tindell from the 7-Eleven, and that the two men just happened to be at the store at the same time. Second, the presentence investigation report stated that, prior to the stabbing incident, Koras had used drugs for four years. Koras objected, stating that he had been drug-free for about two-and-a-half years until approximately two weeks before the stabbing.
Even assuming the information was false, there is no indication that the information was “misinformation of constitutional magnitude.” Whether or not Koras intended to meet with Tindell may have been material had he been convicted of premeditated, first-degree murder, but he was not convicted of that offense. Further, there is no indication that the judge actually relied on Koras’s prior history of drug addiction in any pertinent way. The judge did attribute the crime to Koras’s problem with drugs, but there is no dispute that Koras had been smoking crack leading up to the murder. Koras cannot overcome the strong presumption that his appellate counsel was competent in declining to raise this issue, and thus, the substantive claim has been procedurally defaulted.
Finally, Koras contends the trial court erred in failing to consider his requested lesser offense of involuntary manslaughter. A lesser-included offense instruction, however, is not required unless “ ‘the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater.’ ” Hopper v. Evans, 456 U.S. 605, 612, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (quoting Keeble v. United States, 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973)). A due process violation occurs *215 only when the failure to consider and give a lesser-included offense instruction in a non-capital case amounts to a defect so fundamental as to cause a complete miscarriage of justice. Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.1990) (plurality opinion) (en banc).
Under Michigan law, involuntary manslaughter is the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty. People v. Clark, 453 Mich. 572, 556 N.W.2d 820, 822 (1996). In this case, the trial judge determined Koras was “goal directed,” that he was “very much involved in what was going on,” and that he manifested “selfish goal directed behavior.” The district court noted that the trial judge found Koras acted with the intent to kill, with the intent to do great bodily harm, or with the intent to create a very high risk of death. As such, the facts as the trial judge determined them did not support a finding of involuntary manslaughter, and the failure to consider such a charge was certainly not a fundamental defect resulting in a miscarriage of justice. Therefore, appellate counsel was not deficient for failing to raise this argument on direct appeal, and the substantive claim has been procedurally defaulted.
III. CONCLUSION
For the foregoing reasons, the district court’s order conditionally granting a writ of habeas corpus is REVERSED. The court’s rulings denying the petitioner relief on the other grounds argued are AFFIRMED.