NOT  RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  06a0461n.06
Filed:  June 29, 2006

## No. 05-5003

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JEFFREY GLENN GALLOWAY, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | On Appeal from the United States |
| | ) | District Court for the Eastern |
| v. | ) | District of Kentucky |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | | |
| Respondent-Appellee. | | |

**Before:**     **BOGGS, Chief Judge; and GIBBONS and GRIFFIN, Circuit Judges.**

**PER CURIAM.**  Jeffrey Glenn Galloway was charged on February 9, 2000 with three counts, including 1) conspiracy to distribute and possess with intent to distribute 3.27 kilograms of Ecstasy, in violation of 21 U.S.C. § 846; 2) aiding and abetting Kristie Kirsch in the possession of the same with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and 3) aiding and abetting Kirsch in the illegal importation of the same, in violation of 21 U.S.C. § 952 and 18 U.S.C. § 2.  Galloway pleaded not guilty and was tried.  He was convicted by a jury of all charges in November 2000.  On February 27, 2001, the district court sentenced him to 97 months' imprisonment.  Our court upheld his conviction and sentence on appeal.  United States v. Galloway, 316 F.3d 624 (6th Cir. 2003).  Galloway filed a motion for collateral relief under 28 U.S.C. § 2255 on June 17, 2004.  He claimed ineffective assistance of counsel.  Specifically, he argued that his lawyer's cross-examination of Kirsch at trial about her prior written statement was

deficient insofar as it introduced damaging evidence that he had plans to "press" his own Ecstasy pills and that he had an "LSD" tattoo. The district court denied this motion, finding that the counsel's conduct amounted to sound trial strategy and that it did not harm Galloway in light of the strong evidence against him. This court granted Galloway a certificate of appealability on this question. We hereby **AFFIRM** the district court's denial of Galloway's motion for collateral relief.

## I

Galloway's arrest followed a January 2000 trip that he and Kirsch took to Holland and Belgium, by way of Cincinnati, to import ten bags of Ecstasy pills. A police dog alerted when it smelled a piece of Kirsch's luggage at the Cincinnati airport. The record shows that Galloway was the instigator and main actor in the importation: he hired Kirsch to help him smuggle the drugs and instructed her throughout the process. Though Galloway maintained his innocence and ignorance of the drugs found in Kirsch's coat following arrest and at trial, the evidence is convincing that he organized the trip, arranged it, purchased tickets for it, procured and paid for hotel accommodation, executed the drug transaction in Holland, purchased a coat in which to hide the drugs, sewed the drugs into the lining of the coat, and otherwise led the illegal activity in the case. Indeed, the majority of the panel that considered Galloway's direct appeal concluded that the "evidence against [him] was overwhelming." Galloway, 316 F.3d at 633; *but see id*. at 634-41 (Clay, J., dissenting) (disputing this characterization of the evidence).

## II

This court reviews de novo mixed questions of law and fact raised by a claim of ineffective assistance of counsel. It reviews factual findings for clear error. United States v. Jackson, 181 F.3d

740, 744 (6th Cir. 1999). Under Strickland, a successful claimant of ineffective assistance of counsel must show both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Galloway argues that his lawyer's cross-examination of Kirsch at trial with a written statement she had furnished to Customs authorities was deficient and prejudicial to his case. His counsel's cross-examination of Kirsch introduced into evidence the written statement, in which Kirsch said that Galloway's "LSD" tattoo indicated his promotion of drug use, and that he had plans to engage in further drug trafficking. The statement averred in particular that Galloway intended in the future to "press" Ecstasy pills. Galloway argues that his lawyer's introduction of the written statement had a prejudicial impact in that it presented unfavorable evidence that would not otherwise have been known to the jury.

Overall, Kirsch's trial testimony against Galloway confirmed his motive and corroborated the other evidence against him. The part of her testimony in dispute in this case is from a short portion of the cross-examination. Galloway's lawyer, Lane Vaughn, asked Kirsch to confirm that she had made a prior written statement. Vaughn later requested that the statement be admitted. The statement contained the following allegations that were not otherwise admitted into evidence at trial:

> – Galloway planned to get a pill press so he could "tab his own MDMA and not have to buy it from Amsterdam"; and
>
> – Galloway "has a tattoo that reads 'LSD' on his back, but you wouldn't know what it says unless you were looking for it."

The jury took Kirsch's statement, along with all the other trial exhibits, into the jury room during its deliberations.

Galloway argues that, but for defense counsel's introduction of evidence about his "purported drug trafficking savvy and 'LSD' tattoo," it would not have been admissible because it was improper character evidence. We do not need to examine this argument closely because, even assuming that Galloway's claim is accurate, we nonetheless conclude that Vaughn's performance was not deficient.

It appears clear from the transcript of the trial that Vaughn sought to impeach Kirsch's credibility by attempting to show that she had been promised a good deal (or, indeed, had been coached) by law enforcement authorities, and that there were inconsistencies between her trial testimony and her prior written statement. He tried, for example, to show or imply that Customs officials had suggested that she not take the heat for Galloway; that her lawyer had coached her in the preparation of the statement; that her statement explained that Galloway had unsuccessfully prepared a coat in Houston in which to smuggle the drugs, while her trial testimony described the purchase of a coat in Europe; that her statement had explained Galloway's wish to sew velcro strips into the smuggling coat so that it might be reusable (a proposition that Vaughn sought to portray as unlikely given that the coat cost roughly $60 and Galloway was supposedly smuggling "a hundred thousand dollars worth of drugs"); that her statement, unlike her trial testimony, had indicated that both she and Galloway had professed or harbored reservations about the drug smuggling on several occasions; that the timelines she described in the statement and her testimony did not agree completely with her recollection of the facts, particularly her recollection of Galloway's first paying

for the drugs and later calling off the deal after an argument with Kirsch; and that her statement's description of what happened after their detention by Customs agents was inconsistent in one or two particulars with her statement at trial. In his closing argument, Vaughn attacked Kirsch's credibility again, making it a chief component of his defense.

Vaughn's approach to Kirsch's written statement is consistent with reasonable trial strategy. *See* Strickland, 466 U.S. at 689. His performance can not be said to have fallen below a wide range of reasonable professional assistance and below an objective standard of reasonable conduct. *See* Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir. 1991). Though the introduction of the written statement did arguably introduce two pieces of information that were harmful to Galloway's case inasmuch as they said something unattractive about his character, it is possible that any harmful impact was outweighed by Vaughn's impeachment of Kirsch's credibility. At any rate, the bar for constitutionally effective assistance of counsel is lower than that which would be required by such a balancing test. And this court has already ruled that a defense counsel's elicitation of damaging testimony does not itself rise to the level of ineffective assistance. Campbell v. United States, 364 F.3d 727, 734 (6th Cir. 2004); Scott v. Elo, 302 F.3d 598, 607 (6th Cir. 2002).

Given the strength of the evidence against Galloway and given the fairly limited additional information revealed through the introduction of Kirsch's written statement, it cannot be concluded that defense counsel's conduct, even if it were deficient, had an "effect on the judgment" of the jury. Strickland, 466 U.S. at 691.

For support Galloway cites two decisions in which courts of appeals found ineffective assistance of counsel. Neither is helpful. The first is Fisher v. Gibson, 282 F.3d 1283 (10th Cir.

2002). That case is easily distinguished on the grounds that the defendant's lawyer actually impeached the defendant's credibility, not that of another witness. Id. at 1298. The panel in the second case, White v. McAninch, 235 F.3d 988, 999 (6th Cir. 2000) noted that there was "little evidence" to support conviction, and that the harmful evidence of the uncharged offense introduced by defense counsel "pervaded the trial."

## III

We conclude that the performance of Galloway's counsel was not constitutionally ineffective. Therefore, we **AFFIRM** the district court's denial of Galloway's motion for collateral relief.