NOT FOR FULL-TEXT PUBLICATION
File Name: 07a0366n.06
Filed: May 29, 2007

NO. 06-5138

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

WILLIAM F. STAMPER,

     Defendant-Appellant.

_____

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

BEFORE:    SUHRHEINRICH, CLAY and SUTTON, Circuit Judges.

**PER CURIAM.**  Defendant-Appellant William F. Stamper ("Stamper") appeals from the judgment of conviction and sentence entered pursuant to his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), on the basis of ineffective assistance of counsel.  We AFFIRM.

**I.**

On January 8, 2002, the Chattanooga Police Department obtained a search warrant for Stamper's residence on the basis of information provided by a confidential informant.  In executing the warrant, officers seized various narcotics, paraphernalia, and a stolen 9 mm Beretta pistol. Stamper's trial counsel filed a motion to suppress the evidence seized in the search.  In December of

-1-

2002, Stamper pleaded guilty to being a felon in possession of a firearm, and was thereafter sentenced to 211 months imprisonment. Stamper requested that his attorney file a direct appeal, but no notice of appeal was filed.[1] In October of 2003, Stamper filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, alleging various grounds for denial of effective assistance of counsel, including that his counsel refused to file a direct appeal. The district court granted Stamper an out-of-time appeal, and dismissed Stamper's remaining ineffective assistance claims without prejudice.

**II.**

Stamper presents one issue on appeal, ineffective assistance of counsel.[2] He asserts five reasons for ineffective assistance, namely that his counsel failed to: (1) file a notice of appeal; (2) argue in the motion to suppress that the Government conducted Fourth Amendment-violative surveillance on Stamper to obtain information corroborating the confidential informant used to obtain the warrant; (3) challenge the confidential informant's reliability in the motion to suppress; and (4) investigate the facts of the case for purposes of challenging the warrant in the motion to suppress. Additionally, Stamper alleges that his sentence was (5) excessive and unreasonable under the circumstances due to his counsel's ineffective assistance.

We first note that Stamper's objection to his counsel's failure to file a notice of appeal is now moot given the district court's grant of his § 2255 motion permitting him to file an out-of-time appeal.

---

[1]The district court found that the Government did not contest Stamper's version of facts as asserted in his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, and therefore accepted as true Stamper's allegations that his counsel failed to file an appeal contrary to his express wishes.

[2]Stamper formally raises two issues for our review, the second of which is whether his sentence was excessive and unreasonable under the circumstances. However, Stamper's discussion as to the reasonableness of his sentence states only that he "adopts the arguments" made with regard to the first issue, ineffective assistance of trial counsel.

With regard to his remaining ineffective of assistance claims, this Court has held that ineffective assistance of counsel claims are generally not heard on direct review, *see United States v. Shabazz*, 263 F.3d 603, 612 (6th Cir. 2001), and are usually heard only on habeas petitions under 28 U.S.C. § 2255, *see United States v. Long*, 190 F.3d 471, 478 (6th Cir. 1999), because the record before us will be insufficient to enable us to entertain the claim, as a successful claim necessarily requires a showing of prejudice. *See United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997). The record in this appeal is inadequate to assess the merits of Stamper's ineffective assistance claims, and we thus decline to address them so that the parties may develop an adequate record. *See United States v. Jackson*, 181 F.3d 740, 747 (6th Cir.1999).

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.