NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1089n.06

No. 11-4190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 18, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| QUILL VANOVER, | ) | |
| | ) | |
| *Petitioner-Appellant*, | ) | On Appeal from the United |
| | ) | States District Court of the |
| v. | ) | Southern District of Ohio |
| | ) | |
| WARDEN, LEBANON | ) | |
| CORRECTIONAL INSTITUTION | ) | |
| | ) | |
| *Respondent-Appellee.* | ) | |

Before:  CLAY and WHITE, Circuit Judges; and HOOD, District Judge.[*]

**Hood, District Judge**.  Petitioner-Appellant Quill Vanover argues that an increased jail sentence from eight years to twenty-three years during resentencing after remand creates a presumption of vindictiveness, and is therefore unconstitutional under *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989), and its progeny.  Petitioner also claims that the second sentencing judge exercised actual vindictiveness during his resentencing because Petitioner was held in prison for seven weeks between his successful appeal and his resentencing hearing, and because no new conduct or events occurred between his first and second sentencing.  Thus, he argues that the district court erred when it denied his petition for a writ of *habeas corpus*.  We disagree.  For the reasons set forth below, the judgment of the district court is **AFFIRMED**.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**BACKGROUND**

Petitioner was originally indicted in 2004 on a number of felony charges arising out of a violent dispute with his ex-wife. Specifically, Petitioner was charged with two counts of kidnapping with firearm specifications, one count of abduction with a firearm specification, one count of bribery, one count of having weapons while under disability, one count of domestic violence, one count of menacing by stalking, and one count of intimidation. Pursuant to a plea agreement that included an agreed eight-year sentence, Petitioner pled guilty to one count of intimidation and one count of bribery, and the remaining charges were dismissed. Judge Gerald Lorig sentenced Petitioner to the agreed eight-year sentence.

On Petitioner's appeal, the Ohio Court of Appeals reversed because of a defect in the indictment. A grand jury re-indicted Petitioner on August 1, 2005, on the same charges as in the original indictment. Under a new plea agreement, Petitioner again pled guilty to one count of bribery and one count of intimidation, but also pled guilty to one count of kidnapping with a firearm specification. There was not an agreed sentence in this second plea agreement.

Petitioner's case was set for resentencing before Judge Douglas Rastatter on November 4, 2005. Judge Rastatter sentenced Petitioner to a total prison term of twenty-three years. On appeal, Petitioner claimed that the new sentence was vindictive. The Ohio Court of Appeals rejected this argument since there were two different judges at the sentencing hearings, and Vanover's new sentence included a kidnapping count with a firearm specification, but again remanded the case for an issue that is not before this court. On remand, Judge Rastatter sentenced Petitioner to the same twenty-three year sentence as before.

2

After exhausting his appeals in state court, Petitioner filed a habeas petition on June 4, 2009, which was denied. The district court granted a certificate of appealability to this court solely on Petitioner's vindictiveness claim. Petitioner filed this timely appeal.

## STANDARD OF REVIEW

Dismissals of habeas petitions brought pursuant to 28 U.S.C. § 2254 are reviewed *de novo*, but a district court's factual findings are reviewed for clear error. *Hall v. Warden*, 662 F.3d 745, 749 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 433 (6th Cir. 2009). The standard of review in the Antiterrorism and Effective Death Penalty Act controls habeas petitions filed under 28 U.S.C. § 2254. Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1218–19 (1996) ("AEDPA").

Under AEDPA, "a federal court may not grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits unless (1) the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,'" or "(2) the state court's decision 'was based on an unreasonable application of the facts in light of the evidence presented in the state court proceedings.'" *Thompson*, 580 F.3d at 433–34 (quoting § 2254(d)(1)-(2)).

"If [the AEDPA standard of review] is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Section 2254(d) merely "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents," but "goes no farther." *Id.*

3

**DISCUSSION**

If a defendant successfully challenges his conviction and is convicted again on retrial, the defendant's due process rights are violated if the resentencing judge vindictively imposes a more severe sentence. *Pearce*, 395 U.S. at 725. Because retaliatory motivation is objectively difficult to prove, a presumption of vindictiveness arises when the same sentencing authority imposes a more severe sentence after a defendant's successful appeal. *See id.* at 725–26; *see also United States v. Goodwin*, 457 U.S. 368, 374 (1982) (remarking that the *Pearce* court effectively applied a presumption of vindictiveness although it did not refer to it as such, and applying the presumption). Once raised, the presumption may be rebutted "only by objective information in the record justifying the increased sentence." *Goodwin*, 457 U.S. at 374. If the presumption of vindictiveness does not apply, a defendant can still prevail if he can show that the resentencing judge exercised actual vindictiveness. *United States v. Jackson*, 181 F.3d 740, 744 (6th Cir. 1999). The defendant bears the burden of proving actual vindictiveness. *Smith*, 490 U.S. at 799.

In this case, because the trial judge and the resentencing judge were two different judges, and because there are not any other circumstances evidencing vindictiveness, the presumption of vindictiveness does not apply. Furthermore, Petitioner has failed to establish actual vindictiveness. Therefore, the district court correctly denied his habeas petition.

**1.      The presumption of vindictiveness does not apply.**

Generally, the presumption of vindictiveness does not apply when the second sentencing authority is a different entity than the original sentencing authority. *Texas v. McCullough*, 475 U.S. 134, 140 (1986); *Goodell v. Williams*, 643 F.3d 490, 500–01 (6th Cir. 2011) (holding that the presumption of vindictiveness does not apply when varying sentences are imposed by two different

judges); *see also United States v. Rodriguez*, 602 F.3d 346, 358 (5th Cir. 2010) (listing the seven other circuits that have similarly concluded that the presumption of vindictiveness does not apply when varying sentences are imposed by different judges). "In such circumstances, a sentence 'increase' cannot truly be said to have taken place." *McCullough*, 475 U.S. at 140.

Despite this general rule, if a different judge increases the first judge's sentence on remand, a presumption of vindictiveness may still be appropriate "where the circumstances of the particular case give rise to a *need* to guard against vindictiveness." *Goodell*, 643 F.3d at 498. However, so long as the second sentencer provides "an on-the-record, wholly logical, nonvindictive reason for the [increased] sentence," the presumption will not apply. *McCullough*, 475 U.S. at 140.

In this case, because there were two different judges at the first and second sentencing, a presumption of vindictiveness cannot apply absent other circumstances evidencing a need to protect against vindictive conduct. Not only do no such other circumstances exist on this record, but Judge Rastatter thoroughly reviewed the facts of this case and provided a detailed objective explanation for increasing Petitioner's sentence. Therefore, the presumption of vindictiveness does not apply.

For example, after having heard additional testimony from Petitioner's ex-wife and stepdaughter at the resentencing hearing describing Petitioner's violent conduct, Judge Rastatter noted that their testimony corroborated Petitioner's extensive criminal record. Specifically, Judge Rastatter pointed out that this would be the eighth time that Petitioner had been sentenced to a violent offense, and his fourth prison sentence. Furthermore, Judge Rastatter examined the Presentence Investigation Report, and stated that he was "struck by the fact that in [Petitioner's] version of the events . . . [he did not] admit doing anything wrong," indicating a lack of genuine remorse on his behalf. Judge Rastatter thus concluded within his discretion that a lengthier sentence

5

was justified in order to protect the public and Petitioner's family from his future criminal conduct, and that consecutive sentences were not "disproportionate to the seriousness of [his] conduct or the danger [he] pose[d]."

Moreover, unlike the first time Petitioner was sentenced in this case, he did not have an agreed sentence of eight years during his resentencing with Judge Rastatter, and pled guilty to an additional count of kidnapping with a firearm specification. Because the kidnapping charge with a firearm specification carried mandatory additional prison time, these facts are particularly evident of the nonvidictive nature of Judge Rastatter's sentence increase.

This Court's recent decision in *Goodell*, 643 F.3d 490, supports a conclusion that the presumption of vindictiveness does not apply. In *Goodell*, a different judge resentenced a defendant on remand after his appeal, and increased his sentence from nine years to sixteen years. *Goodell*, 643 F.3d at 493. Since there were two different sentencing judges, the presumption could not apply unless there were other circumstances evidencing a need to protect against vindictiveness. *Id.* at 499–500. However, because the second judge gave a "careful explanation of the reasons for the longer sentence" based on a newly prepared presentence report, the facts of the case, and the defendant's background, there was no need to protect against vindictiveness. *Id.* at 500. Thus, the state court's decision to not apply the presumption was "neither contrary to nor an unreasonable application of clearly established federal law." *Id.* at 501. Like in *Goodell*, there were two different sentencers in this case, no other circumstances evidence a need to protect against vindictiveness, and Judge Rastatter carefully explained his nonvindictive and logical reasons for the sentence increase. Therefore, as in *Goodell*, the presumption was appropriately disregarded here.

6

**2. There is no evidence of actual vindictiveness.**

"[W]hile due process does not forbid enhanced sentences, it prohibits actual vindictiveness against a defendant for having exercised his rights." *Jackson*, 181 F.3d at 744 (citing *Wasman v. United States*, 468 U.S. 559, 569 (1984)). Therefore, even if the presumption of vindictiveness does not apply, a defendant can still prevail if he can show that the second sentencing authority exercised actual vindictiveness during resentencing. *Id.* The defendant has an affirmative burden to prove actual vindictiveness, and any evidence of it should be addressed on a case-by-case basis. *Smith*, 490 U.S. at 799; *Goodell*, 643 F.3d at 500 n.2.

In this case, Petitioner argues that Judge Rastatter's sentence increase was vindictive for primarily two reasons. First, he argues that actual vindictiveness is apparent because the court allowed Petitioner to remain in prison for seven weeks between his successful appeal and his resentencing. Second, he points out that nothing new happened between his first and second sentencing, and argues that a fifteen-year sentence increase in light of this fact evidences actual vindictiveness. Both of these arguments fall short.

First, although it is true that Petitioner remained in jail for seven weeks between his successful appeal and his resentencing, he does not provide any specific facts or legal analysis indicating why this supports a claim of actual vindictiveness. To the extent Petitioner contends that Judge Rastatter's purported failure to hold a prompt hearing on remand and to release him from prison pending re-indictment and resentencing is evidence of vindictiveness, it does not appear that Petitioner presented these facts to the state appellate courts and, therefore, we cannot conclude that the state courts' decisions were unreasonable. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–99 (2011). Regardless, Petitioner does not offer any support for his theory that the delay in resentencing

was evidence of Judge Rastatter's intention to keep him in prison, as opposed to a non-vindictive reason, such as a heavy caseload. Ultimately, Petitioner was given credit for jail time served, and thus was not actually prejudiced in any way by the seven-week delay.

Second, while events occurring subsequent to an original sentencing can justify an increased sentence, it is not *necessary* that something new occur before a judge can impose an increased sentence. In fact, "[r]estricting justifications for a sentence increase to *only* events that occurred subsequent to the original sentencing proceedings could . . . lead to absurd results." *McCullough*, 475 U.S. at 141 (internal quotation marks omitted). Moreover, "[n]othing in the Constitution requires a judge to ignore objective information . . . justifying the increased sentence," regardless of whether that information was available before or after the original sentencing. *Id.* at 142 (quoting *Goodwin*, 457 U.S. at 374) (internal quotation marks and citation omitted).

For example, in *Goodell*, no actual vindictiveness took place even though nothing new occurred between the defendant's original sentencing and resentencing. *Goodell*, 643 F.3d at 501–02. Specifically, actual vindictiveness was absent because the resentencing judge "thoroughly review[ed] the trial transcript and the newly prepared presentence report" and carefully explained that the sentence increase was justified by the defendant's "extensive criminal history and the violence of the offense conduct." *Id.* at 501. He also concluded that an increased sentence "was necessary to reflect the seriousness of the offenses, to protect the public, and to punish Goodell." *Id.*

This case presents virtually the same situation as *Goodell*. Although it is true that nothing new happened in between Petitioner's original sentencing and his resentencing, Judge Rastatter took care to give a detailed explanation for imposing an increased sentence on Petitioner. He listened to additional testimony from Petitioner's ex-wife and stepdaughter, and expressed concern for

8

Petitioner's lengthy criminal history, tendency towards violence, and lack of remorse. He explained that he felt a longer sentence was necessary to protect Petitioner's family and the public from Petitioner's conduct, particularly since this is his fourth prison sentence for violent crimes. Again, given that there was an additional charge in the plea agreement and no agreed sentence between the State and Petitioner, Judge Rastatter appropriately used his discretion to increase Petitioner's sentence, and there is no evidence that he exercised any actual vindictiveness towards him. Accordingly, the district court did not commit error when it denied the petition for a writ of *habeas corpus*.

## CONCLUSION

Because the district court did not commit error when it denied Petitioner-Appellant Quill Vanover's petition for a writ of habeas corpus, we **AFFIRM** the judgment of the district court.