NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0115n.06
Filed: February 15, 2005

Nos. 03-1709/1723

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DAVID MICHAEL KORAS,

      Petitioner-Appellee/Cross-Appellant,

v.

KENNY ROBINSON, Warden,

      Respondent-Appellant/Cross-Appellee.

On Appeal from the United
States District Court for the Eastern
District of Michigan

_____/

BEFORE:    RYAN, COLE, and ROGERS, Circuit Judges.

      RYAN, Circuit Judge.      The state of Michigan, through Warden Kenny Robinson, appeals from the district court's order conditionally granting a writ of habeas corpus to the petitioner, David Michael Koras. The district court ordered Koras to be released from custody unless the state court schedules an evidentiary hearing within ninety days to determine whether Koras was improperly interrogated in violation of Edwards v. Arizona, 451 U.S. 477 (1981). Koras cross-appeals the district court's decision denying habeas relief for his other remaining claims on the ground that they are barred by procedural default. The district court concluded that, although all of Koras's claims were procedurally defaulted in state court, Koras had established cause and prejudice with respect to the Edwards claim because his trial and appellate counsel were constitutionally ineffective. Because we conclude Koras did not receive ineffective assistance of counsel, we **REVERSE**.

## I.  BACKGROUND

On the morning of February 16, 1994, a car came smashing into the front end of Parham's Barbershop in Inkster, Michigan.  David Latham, an employee of the barbershop, looked over and saw the driver slumped over the steering wheel.  The passenger, whom Latham later identified as Koras, quickly exited the vehicle, saying "you better check the guy inside."  The passenger started walking away from the accident and then began running down the street.  Latham and two other bystanders pursued and apprehended him, a short distance away.  Police arrived shortly after the accident and arrested Koras.  Dwayne Tindell, the driver of the car, had been stabbed in the chest and died from his wounds.  Koras was subsequently charged for Tindell's death.

Following a bench trial, Koras was convicted of second-degree murder and sentenced to twenty-five to fifty years' imprisonment.  Koras, through his court-appointed attorney, appealed as of right from the conviction and sentence, alleging that 1) the inculpatory statements he made to police were erroneously admitted because the statements were involuntarily given or coerced, and 2) the trial judge violated the principle of proportionality by sentencing him to twenty-five to fifty years in prison for second-degree murder.  The Michigan Court of Appeals affirmed Koras's conviction and sentence, and his application for leave to appeal in the Michigan Supreme Court was denied.

Koras subsequently filed a motion for post-conviction relief in the trial court and presented an entirely new set of claims, including the claim that under Edwards, his confession was improperly admitted into evidence because he had previously invoked and was denied his right to have counsel present during his interrogation.  The trial court denied the motion because Koras failed to argue any of those claims on direct appeal.  Koras then

filed a delayed application for leave to appeal the trial court's denial of his motion for post-conviction relief in both the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave to appeal.

Koras then filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan, Southern Division. The state of Michigan, in opposing the writ request, argued that Koras's claims were procedurally defaulted because, during post-conviction proceedings, the claims had been dismissed under Michigan Court Rule 6.508(D)(3) for failing to raise those claims on direct appeal. After an evidentiary hearing, the district court issued an order conditionally granting a writ of habeas corpus. The district court determined that Koras's procedural default on the Edwards claim was excused because Koras's trial and appellate counsel rendered ineffective assistance by failing to argue that his statements to police were taken in violation of Edwards. The district court further determined that review of Koras's remaining claims was barred by procedural default because, although trial counsel had argued those claims at sentencing, appellate counsel had not been ineffective for failing to raise those claims on direct appeal. The state of Michigan subsequently filed a timely notice of appeal, and Koras filed a timely notice of cross-appeal.

## II. ANALYSIS

### A.

The Fifth Amendment, applicable to the states through the Fourteenth Amendment, protects an accused from compulsory self-incrimination. In Miranda v. Arizona, the Supreme Court held that, in order to protect against compulsory self-incrimination, a suspect may not be subjected to custodial interrogation until he has been informed of his

right to counsel and his right to remain silent.  384 U.S. 436, 479 (1966).  The Court declared that if a suspect invokes his right to counsel, "the interrogation must cease until an attorney is present."  Id. at 474.  In Edwards v. Arizona, the Supreme Court clarified that when a suspect has invoked the right to counsel, he may not be "subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."  451 U.S. at 484-85.

Koras contends that, under Edwards, his statements to police were improperly admitted because those statements were recorded after he invoked, and was denied, his right to counsel.  On February 17, 1994, Detective Darryl Tubbs of the City of Inkster Police Department visited Koras in his cell and informed him of his constitutional rights under Miranda.  The parties disagree as to what happened next.  According to Tubbs, Koras asked him if he needed a lawyer.  Tubbs testified he told Koras, "I don't know.  I didn't know what would happen."  Koras, however, maintains he made an unequivocal request for an attorney, but was refused.  Koras then proceeded to give a statement in which he admitted to stabbing Tindell, although he insisted it was an accident.

Although the Edwards claim was procedurally defaulted because Koras did not raise the issue on direct appeal, he nevertheless contends that the district court correctly ruled that the ineffective assistance of Koras's trial and appellate counsel constitutes "cause," thereby excusing the procedural default.  Because a claim of ineffectiveness of counsel raises mixed questions of law and fact, this court reviews the district court's ruling on such a claim de novo.  United States v. Jackson, 181 F.3d 740, 744 (6th Cir. 1999).  "Any

findings of fact pertinent to the ineffective assistance of counsel inquiry are subject to a 'clearly erroneous' standard of review." Id. (citation omitted).

Under the Sixth and Fourteenth Amendments, a state criminal defendant has a right to the effective assistance of counsel at trial, Strickland v. Washington, 466 U.S. 668 (1984), and on his first appeal as of right, Evitts v. Lucey, 469 U.S. 387 (1985). In Strickland, the Supreme Court established a two-part test for determining whether a defendant has received ineffective assistance of counsel. First, the defendant must prove that counsel's performance was deficient; that is, the defendant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defendant. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. While "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case," neither is it sufficient "for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693.

During an evidentiary hearing in the district court, Koras's trial counsel testified he could not remember whether Koras told him he had requested an attorney before making his statement to police. Trial counsel recalled that he may not have moved to suppress the statement under Edwards because, in light of Tubbs's testimony, Koras's alleged request for an attorney was ambiguous. In Davis v. United States, 512 U.S. 452 (1994), the

Supreme Court held that the cessation of custodial interrogation is required only upon a suspect's unambiguous request for counsel, and that the petitioner's passing remark, "Maybe I should talk to a lawyer," was too ambiguous to require interrogators to cease questioning. Id. at 462. Considered thus far, trial counsel's decision not to object to the admission of Koras's statements to police under Edwards appears competent because Tubbs's testimony indicates Koras did not make an unambiguous request for counsel.

Koras, however, insists he did make an unambiguous request for an attorney, a contention that is supported by the testimony of forensic psychologist Dr. Firoza B. Van Horn. During a hearing before trial, Dr. Van Horn, who was not present at Koras's interrogation, testified that "[Koras] was coerced. He asked for a lawyer, and they did not want him to -- they told him he didn't need one . . . [and] he was forced to make a statement, although he had refused to make the statement." Moreover, in a psychological evaluation sent to trial counsel on November 2, 1994, Dr. Van Horn wrote, "After his rights were read to him, he asked for a lawyer and a lie detector test which were denied." During the evidentiary hearing, trial counsel admitted that he knew Koras told Dr. Van Horn he had requested a lawyer and was denied.

In deciding whether trial counsel rendered ineffective assistance, we need not decide whether trial counsel's performance was incompetent because "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Strickland, 466 U.S. at 697. Even assuming trial counsel rendered deficient performance, we fail to discern a reasonable probability that counsel's performance altered the outcome of the trial. In order for us to find a reasonable probability that the outcome of the trial was altered by counsel's performance, we must first conclude

there was a reasonable probability that a motion to suppress Koras's statements under Edwards would have been successful. See United States v. Carter, 355 F.3d 920, 924 (6th Cir. 2004). This is not a case where it is undisputed that the defendant made an unambiguous request for an attorney. Officer Tubbs's testimony indicates that Koras's request for an attorney was ambiguous, if indeed it can fairly be deemed a request. Dr. Van Horn's testimony, in contrast, indicates Koras made an unequivocal request for an attorney.

Had trial counsel moved to suppress Koras's inculpatory statements under Edwards, we can only speculate what evidence trial counsel could have presented in support of the motion. The Supreme Court's decision in Davis indicates the burden is on the defendant to prove that he clearly invoked his right to counsel in the first instance. 512 U.S. at 458-59. Dr. Van Horn's testimony was the only evidence in the record supporting the Edwards claim at the time of the trial. Koras might have testified in support of the motion, although that seems unlikely given that he did not testify in support of his unsuccessful motion to suppress his statements on the basis of involuntariness. The trial judge's ruling on the motion apparently would have boiled down to a credibility determination regarding the conflicting testimony. There is no evidence in the record making Dr. Van Horn's rendition of the relevant events more credible than Tubbs's rendition. Dr. Van Horn could not have testified from firsthand knowledge because she was not present at Koras's interrogation, while Tubbs had personal knowledge of what was said. Nor did the district court have an opportunity to assess the credibility of Tubbs, Dr. Van Horn, or Koras because they did not testify during the evidentiary hearing. Where "one is left with pure speculation on whether the outcome of the trial . . . could have been any different," there is an insufficient showing

of prejudice.  Baze v. Parker, 371 F.3d 310, 322 (6th Cir. 2004).  Based on the record before us, we cannot conclude there is a reasonable probability that Koras's motion to suppress would have succeeded, and consequently, that the outcome of the trial would have been any different.

Koras also argues that his appellate counsel was constitutionally ineffective for failing to raise the Edwards claim.  Because trial counsel did not preserve the Edwards claim for appellate review, appellate counsel was left with the option of either arguing trial counsel was ineffective for failing to raise the Edwards claim, or arguing the admission of Koras's statements to police was plain error.  Mich. R. Evid. § 103(d).  Because we conclude the claim of ineffectiveness of trial counsel is not meritorious because Koras cannot show the prejudice needed to sustain that claim, his claim of ineffective assistance of appellate counsel also fails.  Nor was appellate counsel ineffective for failing to argue plain error.  Under that rigorous standard, "[r]eversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings, independent of defendant's innocence."  People v. Ackerman, 669 N.W. 2d 818, 827 (Mich. Ct. App. 2003).  We see no reasonable probability that, absent appellate counsel's performance, Koras "would have prevailed on his appeal."  Smith v. Robbins, 528 U.S. 259, 285 (2000).  Accordingly, Koras has not established he received ineffective assistance of appellate counsel so as to establish "cause" for the procedural default of his Edwards claim.

**B.**

Koras also contends his due process rights under the Fourteenth Amendment were violated at sentencing.  Although Koras's due process claims were procedurally defaulted

in state court, Koras maintains appellate counsel's ineffectiveness constituted cause excusing the default.

"[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  In reviewing a petition for a writ of habeas corpus, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Baze, 371 F.3d at 322.  Although errors of state law are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" Bowling v. Parker, 344 F.3d 487, 521 (6th Cir. 2003) (quoting Pulley v. Harris, 465 U.S. 37, 41 (1984)), cert. denied, 125 S. Ct. 281 (2004).  A sentence imposed on the basis of material "'misinformation of constitutional magnitude'" may violate due process under some circumstances. Roberts v. United States, 445 U.S. 552, 556 (1980) (citation omitted).  "A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence.  The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." United States v. Stevens, 851 F.2d 140, 143 (6th Cir. 1988).

Koras first contends that the sentencing judge erroneously increased the "score" of offense variable six from ten points to twenty-five points.  Under the Michigan Sentencing Guidelines, a defendant convicted of second-degree murder must receive ten points, rather than twenty-five points, if the death took place in a combative situation. Mich. Comp. Laws Ann. § 777.36(2)(b).  Although Koras essentially quarrels with the trial judge's application of state law, he attempts to give his argument a constitutional dimension by claiming the

judge violated his due process right to be sentenced according to accurate information. The judge declined to assess the petitioner with only ten points for inflicting death in a combative situation, apparently because the judge rejected Koras's claim that he had stabbed the victim during a combative situation after adequate provocation. There is no significant evidence in the record that Koras and the victim were engaged in a physical fight, so the issue was neither "significant" nor "obvious." Mapes v. Coyle, 171 F.3d 408, 427 (6th Cir. 1999). Moreover, had appellate counsel raised the issue on direct appeal, she would have had to overcome a deferential "abuse of discretion" standard of review. See People v. Hornsby, 650 N.W.2d 700, 704 (Mich. Ct. App. 2002). Thus, even assuming that Koras's claim is not based solely on a violation of state law, appellate counsel was not deficient for failing to raise this issue, and the underlying substantive claim has been procedurally defaulted.

Next, Koras contends he was deprived of his due process rights because the trial judge failed to articulate in the record the reasons for the sentence imposed. The fact that the trial judge allegedly failed to articulate the reasons for enhancing Koras's sentence in violation of Michigan Court Rule 6.425(D)(2)(e) and Michigan case law is not itself a basis for federal habeas corpus relief. Moreover, the record evinces sufficient evidence of the reasons supporting the sentence to avoid any federal due process concerns. Finally, the judge did articulate the reasons underlying the sentence, noting, among other things, that Koras was not being victimized or acting in self-defense, that his conduct was goal-directed, and that his actions were motivated by his desire to obtain drugs. Consequently, appellate counsel did not render ineffective assistance by failing to argue this claim on direct appeal, and the underlying substantive claim has been procedurally defaulted.

Koras next claims the trial court failed to respond to his objection at sentencing to allegedly inaccurate information in the presentence investigation report. First, the presentence investigation report stated Koras called Tindell from a 7-Eleven. Koras objected, stating he did not contact Tindell from the 7-Eleven, and that the two men just happened to be at the store at the same time. Second, the presentence investigation report stated that, prior to the stabbing incident, Koras had used drugs for four years. Koras objected, stating that he had been drug-free for about two-and-a-half years until approximately two weeks before the stabbing.

Even assuming the information was false, there is no indication that the information was "misinformation of constitutional magnitude." Whether or not Koras intended to meet with Tindell may have been material had he been convicted of premeditated, first-degree murder, but he was not convicted of that offense. Further, there is no indication that the judge actually relied on Koras's prior history of drug addiction in any pertinent way. The judge did attribute the crime to Koras's problem with drugs, but there is no dispute that Koras had been smoking crack leading up to the murder. Koras cannot overcome the strong presumption that his appellate counsel was competent in declining to raise this issue, and thus, the substantive claim has been procedurally defaulted.

Finally, Koras contends the trial court erred in failing to consider his requested lesser offense of involuntary manslaughter. A lesser-included offense instruction, however, is not required unless "'the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater.'" Hopper v. Evans, 456 U.S. 605, 612 (1982) (quoting Keeble v. United States, 412 U.S. 205, 208 (1973)). A due process violation occurs only when the failure to consider and give a lesser-included offense

instruction in a non-capital case amounts to a defect so fundamental as to cause a complete miscarriage of justice.  Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir. 1990) (plurality opinion) (en banc).

Under Michigan law, involuntary manslaughter is the killing of another without malice and unintentionally, but in doing some unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, or in negligently doing some act lawful in itself, or by the negligent omission to perform a legal duty.  People v. Clark, 556 N.W.2d 820, 822 (Mich. 1996).  In this case, the trial judge determined Koras was "goal directed," that he was "very much involved in what was going on," and that he manifested "selfish goal directed behavior."  The district court noted that the trial judge found Koras acted with the intent to kill, with the intent to do great bodily harm, or with the intent to create a very high risk of death.  As such, the facts as the trial judge determined them did not support a finding of involuntary manslaughter, and the failure to consider such a charge was certainly not a fundamental defect resulting in a miscarriage of justice.  Therefore, appellate counsel was not deficient for failing to raise this argument on direct appeal, and the substantive claim has been procedurally defaulted.

### III.  CONCLUSION

For the foregoing reasons, the district court's order conditionally granting a writ of habeas corpus is **REVERSED**.  The court's rulings denying the petitioner relief on the other grounds argued are **AFFIRMED**.

**R. GUY COLE JR., Circuit Judge.** I concur with the majority regarding Koras's sentencing errors. As those alleged errors are, at most, errors of state law not implicating constitutional concerns, there can be no federal habeas relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). However, since I disagree with the majority's analysis of Koras's ineffective assistance of counsel claims, I respectfully dissent.

**I.**

Under *Strickland v. Washington*, there are two requirements for ineffective assistance of counsel under the Sixth Amendment: (1) the counsel's performance was constitutionally deficient; and (2) the counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding the deficient performance prong, "[t]here is a strong presumption that an attorney's performance falls within the wide range of reasonable professional assistance. *Barnes v. Elo*, 339 F.3d 496, 502 (6th Cir. 2003) (internal quotes and citation omitted). That is, the "defendant must overcome the presumption that . . . the challenged action might be considered to be sound trial strategy." *Id.* (internal quotes and citation omitted). Regarding the prejudice prong, a defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* (internal quotes and citation omitted).

Here, the district court determined that Koras's appellate counsel was constitutionally ineffective, resulting in procedural default excusing the failure to raise a claim of constitutionally ineffective trial counsel. The district court then determined that the

trial counsel was constitutionally ineffective for failing to argue that Koras had properly invoked his right to counsel under *Edwards v. Arizona*, 451 U.S. 477 (1981). The majority concludes that Koras's claims cannot succeed, because he has failed to establish the prejudice prong of *Strickland*. Since I would hold that both trial and appellate counsel were constitutionally ineffective, I will analyze both prongs.

## II.

It is well-settled that once a criminal defendant invokes his right to counsel in response to his Fifth Amendment *Miranda* rights, all questioning must cease. *See Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981) ("We further hold that an accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police."); *Abela v. Martin*, 380 F.3d 915, 925 (6th Cir. 2000) (noting that *Edwards* establishes a bright-line rule to cease interrogation once an accused's *Miranda* right to counsel is invoked). The Supreme Court has also noted that "additional safeguards are necessary when the accused asks for counsel." *Edwards,* 451 U.S. at 484. Accordingly, "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if has been advised of his rights." *Id.* Indeed, subsequent Supreme Court cases establish the paramount importance of a defendant's right not to be questioned without counsel after invocation of the *Miranda* right. *See Arizona v. Roberson,* 486 U.S. 675, 682 (1988) (holding that police may not question a defendant about any unrelated crimes after invocation of the right to counsel,

even if such crimes are the subject of a separate investigation); *Minnick v. Mississippi,* 498 U.S. 146, 152 (1990) (holding that after invocation of the right to counsel, police may not reinitiate interrogation without counsel present); *McNeil v. Wisconsin,* 501 U.S. 171, 177 (1991) (noting that the *Edwards* rule is designed to "prevent police from badgering a defendant into waiving his previously asserted *Miranda* rights").

However, the Supreme Court has also held that a defendant's ambiguous invocation of the *Miranda* right to counsel does not trigger the *Edwards* bright line-rule. *Davis v. United States,* 512 U.S. 452, 459 (1994) (holding that cessation of questioning is not required "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in the light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel"). Still, an ambiguous invocation should not rest solely on the words of the request; rather, a court should review all the circumstances surrounding the invocation in order to determine whether the invocation was clear and unambiguous. *Abela,* 380 F.3d at 926 (where defendant stated "Maybe I should talk to an attorney by the name of William Evans," furnished the business card of the attorney to the interrogating officer, and the officer then left the interrogation, presumably to call the attorney, invocation of the *Miranda* right held clear and unambiguous); *Kyger v. Carlton,* 146 F.3d 374, 376, 380 (6th Cir. 1998) (finding an unequivocal request for counsel where the defendant stated that "I would just as soon have an attorney," in response to an officer's asking him: "Would you answer some of our questions, without an attorney present?").

Here, both the appellate and trial attorney failed to apply correctly this black-letter, bright-line, and elementary rule of criminal procedure. The appellate attorney's

performance is the most egregious.  As noted by the majority, evidence indicated that Dr.

Van Horn, a psychiatrist retained by Koras as an expert trial witness, testified that Koras

had made a direct and unambiguous request for an attorney, which was denied.  *Ante* at

6 (Maj. Op.).  In an evidentiary hearing in habeas proceedings in the federal district court,

the appellate attorney testified that she knew of this direct and unambiguous request for

counsel, but refused to raise it on appeal.  The appellate attorney gave her reasoning

thusly:

> The next day they asked him again after Mirandizing him if he would give a statement.  My client told me that he never again asked for counsel . . . .
> Now, my understanding of the law is you have to suspend asking the person if they request counsel.  But then at another time, if they volunteer that they will give a statement, you may proceed to take that statement if they don't ask for counsel.

The appellate attorney's assertion that the State may reinitiate interrogation after a direct

and unambiguous request for counsel is simply incorrect.  *Edwards*, 451 U.S. at 484

("[W]hen an accused has invoked his right to have counsel present during custodial

interrogation, a valid waiver of that right cannot be established by showing only that he

responded to further police-initiated custodial interrogation even if he has been advised of

his rights.").  Given such a fundamental misunderstanding of Supreme Court precedent,

I would hold that the appellate attorney's actions were constitutionally deficient for the

purposes of *Strickland*.

As noted by the majority, the trial attorney also testified that he knew "Koras told Dr.

Van Horn he had requested a lawyer and was denied."  *Ante* at 6 (Maj. Op.).  Nonetheless,

the trial attorney failed to raise any *Edwards* issue at trial, either through Dr. Van Horn or

through the cross-examination of Detective Tubbs, who testified that Koras's invocation of

the right to counsel was ambiguous. When asked why, the trial attorney gave no satisfactory answer, and conceded that no competent or reasonable attorney would ignore the *Edwards* issue. Given this failure to raise what appears to be evidence of an obvious *Edwards* claim, I would hold that the trial attorney's performance was also constitutionally deficient.

**III.**

*Strickland* also requires prejudice such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Barnes*, 339 F.3d at 502. A reasonable probability is less than a preponderance of the evidence, but more than a mere "conceivable effect" on the outcome of the trial. *Strickland*, 466 U.S. at 693.

The majority reasons that since it is unclear what evidence Koras could have used to support his claim for an *Edwards* violation, he has not established prejudice under *Strickland*. In particular, the majority argues that Koras must show that there was a "reasonable probability that a motion to suppress Koras's statements under *Edwards* would have been successful." *Ante* at 7 (Maj. Op.) (citing *United States v. Carter*, 355 F.3d 920, 924 (6th Cir. 2004)). The majority then notes that since Detective Tubbs and Dr. Van Horn have competing views as to Koras's invocation of the right to counsel, "the motion would have boiled down to a credibility determination regarding the conflicting testimony." *Id.* Since "[t]here is no evidence in the record making Dr. Van Horn's rendition of the relevant events more credible than Tubbs's rendition," the success of any unfiled motion to

suppress, and any subsequent change in outcome of the trial, is "pure speculation." *Id.* at 7-8 (citing *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004)).

I disagree with this analysis. As an initial matter, the case law upon which the majority relies does not support this position. In *Carter*, we noted that there was no ineffective assistance where trial counsel failed to move for acquittal where he was on trial for being a felon-in-possession of a firearm. *See Carter*, 355 F.3d at 924. We first noted that there was "ample evidence that [defendant] possessed the pistol." *Id.* at 924-25. Such evidence included finding the firearm in the vehicle in which the defendant was arrested, and testimony by the arresting officer that he saw the defendant place an object under the driver's seat when he approached the car. *See id.* at 925. Accordingly, we noted that there could be no prejudice resulting from counsel's refusal to make a motion with no chance of success. *See id.* at 924. This was especially true as the motion for acquittal was based on sufficiency of the evidence, in which credibility arguments are generally disfavored. *See id.* at 925. Since there was no reasonable probability of success for the motion for acquittal, we held that there was no ineffective assistance in failing to make the motion. *See id.*

By contrast, a motion to suppress in this case cannot be considered frivolous or without support. Indeed, trial counsel concedes he *knew* Dr. Van Horn asserted that Koras had made a direct and unambiguous request for counsel. Furthermore, a motion to suppress evidence, unlike a motion for acquittal based on sufficiency of the evidence, has no categorical prohibition against arguments based on the credibility of witnesses.

The majority then cites to *Baze* for the proposition that "where one is left with pure speculation on whether the outcome of the trial . . . could have been any different," there

is an insufficient showing of prejudice. *Baze*, 371 F.3d at 322. However, that case is also clearly distinguishable. In *Baze*, the petitioner argued that there was ineffective assistance since trial counsel failed to challenge the procedure for the removal of a potential juror in a death penalty case. *See id.* The petitioner argued that the potential juror's views on the death penalty might be influenced by his wife, and therefore, that he was less likely to impose capital punishment. But we noted that "[n]othing in the record even hints that [the potential juror] would have voted against the death penalty or that the outcome of the trial would have been different had he remained." *Id.* at 322. We further noted that the defendant does not "have a right to have a specific juror decide his case, only that all jurors be qualified." *Id.* Accordingly, we held there was no prejudice, and therefore, no ineffective assistance of counsel.

Here, prejudice to Koras cannot be considered speculative. Whereas the petitioner in *Baze* had *no evidence* supporting his claim, both Koras's trial and appellate counsel *testified* that they knew of Dr. Van Horn's statements that Koras had made a direct and unambiguous request for counsel. Furthermore, Koras's conviction was largely supported by his confession, which if properly suppressed, might have resulted in a different outcome.

The majority also states that there is no prejudice since the motion to suppress would amount to dueling assertions of credibility. *Ante* at 7 (Maj. Op.) ("There is no evidence in the record making Dr. Van Horn's rendition of the relevant events more credible than Tubbs's rendition."). However, this misapplies the applicable standard under *Strickland*. A "reasonable probability" that the outcome would have been different, is less than a preponderance, but more than a mere "conceivable effect." *Strickland*, 466 U.S. at 693. Accordingly, Koras is not required to show that evidence of a direct and unambiguous

request for counsel is more believable than, or even in equipoise with, contrary assertions by Detective Tubbs.  Rather Koras must merely show that there is some *reasonable* likelihood that the trial court would suppress the confession.  Given this evidence, a trial court could reasonably rely on Dr. Van Horn's testimony of a proper invocation of the right to counsel.  Accordingly, I would hold that failure to raise this issue is constitutionally ineffective assistance of counsel.

The majority also notes that "we can only speculate what evidence trial counsel could have presented in support of the motion [to suppress]."  *Ante* at 7 (Maj. Op.).  Like the majority, I believe that this is the heart of the matter.  Unlike the majority, however, I believe prior precedent supports a finding of prejudice in a case like this where trial counsel fails to develop, investigate or raise a claim, either in discovery or at trial, an obvious and important weakness in the state's case.  *See, e.g., Towns v. Smith*, 395 F.3d 251, 258-59 (6th Cir. 2005) (noting that failure to interview witness who identified non-parties as the killers was ineffective assistance of counsel); *Foster v. Lockhart*, 9 F.3d 722, 726 (8th Cir. 1993) (noting that failure to investigate or develop a claim may be a basis for ineffective assistance of counsel).  Here, trial counsel's refusal to raise or argue the *Edwards* claim, despite evidence that such a claim was supportable, prevented the development of further supporting evidence.  I would hold that this is prejudice sufficient under *Strickland* to show ineffective assistance of counsel.

Since I would hold trial counsel was ineffective, I would also hold that there was sufficient prejudice to find ineffective assistance of appellate counsel.  As appellate counsel failed to raise this obvious error by the trial counsel, Koras was denied constitutionally effective counsel on direct appeal.  Accordingly, I would also excuse procedural default for

failing to rase this claim on direct appeal, given the appellate counsel's ineffective assistance.

For these reasons, I respectfully dissent.