**Darry JACKSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–1309.

United States Court of Appeals, Sixth Circuit.

Aug. 22, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges, and WEBER,* District Judge.

PER CURIAM.

The petitioner, Darry Jackson, appeals from the district court's denial of his motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255. The motion was based

---

* The Hon. Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

on Jackson's claim that his conviction was invalid because he had received the ineffective assistance of counsel both at trial and on appeal, as well as a claim that his sentence had been imposed in violation of the Supreme Court's opinion in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court denied relief, holding that the petitioner had waived his claim that his trial attorney was ineffective when he failed to raise the issue on appeal; that the claim as to the effectiveness of appellate counsel had no merit; and that, although *Apprendi* could be applied retroactively on collateral review, there was no error shown under the holding in that case. *See Jackson v. United States,* 129 F.Supp.2d 1053 (E.D.Mich.2000). For the reasons set out below, we conclude that the district court correctly denied Jackson's claim with regard to counsel's competency on appeal. It is clear, however, that the court erred in applying a waiver doctrine to the petitioner's claim that he had received the ineffective assistance of counsel at trial, and we therefore remand the case for further proceedings on that issue. Because we conclude that *Apprendi* is inapplicable to the petitioner's sentence, we express no opinion about the district court's ruling on retroactivity.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 1996, Jackson was indicted and convicted in federal court on one count of conspiracy to distribute cocaine, one count of making false statements to a federally-insured bank, and two counts of money laundering. The government concedes on appeal that "although the jury was told that the indictment charged the distribution of hundreds of kilograms of cocaine, the elements of the conspiracy offense read to the jury did not require such a finding."

At sentencing, the trial judge concluded that "[t]he evidence here in this case certainly establishes by a clear preponderance that Jackson was responsible for the distribution of over 150 kilograms of powder cocaine." Based on his criminal history, which included a felony drug conviction, Jackson was sentenced to concurrent terms of 360 months on the cocaine count and 240 months for each of the other counts. Jackson's 360-month sentence was later reduced to 300 months for cooperation with federal authorities on a different case. We rejected Jackson's challenges to his conviction and sentence on direct appeal. *See United States v. Jackson,* 166 F.3d 1215 (6th Cir.1998) (unpublished opinion).

In January 2000, Jackson filed a *pro se* § 2255 motion to vacate, set aside, or correct his sentence on the ground that he received ineffective assistance of counsel at both the trial and appellate levels. When, six months later, the Supreme Court announced its decision in *Apprendi,* Jackson was permitted to amend his motion to include a contention that *Apprendi* requires re-sentencing in his case.

The district court denied the petitioner's motion to vacate his sentence without an evidentiary hearing. The district court held that Jackson's claim of ineffective assistance of trial counsel was procedurally barred because Jackson did not raise the claim on direct appeal and failed to demonstrate the cause needed to excuse this procedural default. The court rejected Jackson's claim of ineffective assistance of appellate counsel on the merits, finding that Jackson failed to demonstrate any prejudice resulting from the deficiencies he alleged. Finally, the court found that no *Apprendi* violation occurred for two reasons:

First, the jury actually found that [Jackson] possessed the requisite type and quantity of narcotics beyond a reasonable doubt. Second, even if that were not so, the sentencing judge may properly determine, by a preponderance of the evidence, the quantity and amount under § 841.

*Jackson,* 129 F.Supp.2d at 1063. The petitioner has filed a timely *pro se* appeal from the district court's denial of relief.

## II. *DISCUSSION*

### A. *The* Apprendi *Claim*

Jackson argues that in sentencing him, the district court violated *Apprendi* by failing to include the drug quantity in the indictment and failing to submit the drug-quantity determination to the jury. We conclude, however, that *Apprendi* is simply not applicable to the petitioner's case.

In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Although Jackson was convicted of violating 21 U.S.C. § 841(b)(1)(A), the trial court's failure to instruct the jury to determine the quantity of drugs attributable to Jackson beyond a reasonable doubt requires that Jackson be sentenced under 21 U.S.C. § 841(b)(1)(C), the provision that governs offenses involving unspecified amounts of cocaine. *See United States v. Humphrey,* 287 F.3d 422, 446–47 (6th Cir.2002). Under 21 U.S.C. § 841(b)(1)(C), a prior conviction for a felony drug offense subjects a defendant to a maximum 30–year sentence. *See id.*

■ Jackson concedes that he has a prior conviction for a felony drug offense. It follows that the actual statutory maximum in his case was the 360 months to which he

was originally sentenced, and that the ceiling was set that high due to his status as a recidivist. Because Jackson's sentence did not exceed this statutory maximum, there was no *Apprendi* violation, and relief on this claim was properly denied. *See Humphrey,* 287 F.3d at 446–47.

### B. *Ineffective Assistance of Trial Counsel*

In his § 2255 motion, Jackson makes the following allegations with regard to his claim that his attorney was ineffective in representing him at trial:

Counsel for petitioner failed to take the following steps that a reasonable attorney would have taken and it is reasonable probable that, but for those errors, the outcome of the petitioner's case would have been different: (1) trial counsel failed to inform petitioner that the government had offered petitioner a plea agreement; (2) failed to adhere to petitioner's request to investigate the false statement claim and request a jury instruction on petitioner's theory of the defense; (3) failed to investigate and impeach Edward Osborne with documents such as Osborne's guilty plea transcript, judgment and commitment order, Osborne's indictment, and prior statements made to the FBI in investigative reports; (4) failed to request limiting instructions on 404(b) evidence; (5) failed to object or contest the PSR's drug quantity finding or challenge it at sentencing; and (6) failed to object to the jury selection process.

■ The district court first noted that Jackson had been represented by different counsel at trial and on appeal. The district court next found that because all six of the claims set out above had been "fully developed" on the trial record, they could have been raised on appeal. Citing only precedent from other circuits, the court then held that Jackson's ineffective-assistance claims had been procedurally de-

faulted because Jackson had not established the "cause" necessary to excuse his failure to raise them on direct appeal. However, given our numerous decisions declining to review ineffective-assistance claims on direct appeal because such claims are "best brought" in post-conviction proceedings under 28 U.S.C. § 2255, *see, e.g., United States v. Jackson,* 181 F.3d 740, 747 (6th Cir.1999), it can hardly be said that the petitioner was on notice that he would lose the right to raise such a claim if he failed to do so on direct appeal. (The reverse might, of course, be true—that is, a trial record could be sufficiently developed to permit review of counsel's competency, if the defendant chose to raise the issue on direct appeal, but we know of no circuit authority that would force the defendant to do so or forfeit the right to litigate the issue collaterally.) We are, therefore, content to adhere to existing Sixth circuit precedent and hold that the ineffective-assistance claims are subject to review in the district court, having been timely raised in the petitioner's § 2255 motion. *See Hughes v. United States,* 258 F.3d 453, 457, n. 2 (6th Cir.2001) (holding that petitioner did not procedurally default his ineffective assistance of counsel claim by failing to raise it on direct appeal).

### C. *Ineffective Assistance of Appellate Counsel*

Jackson alleged in his § 2255 motion that his appellate counsel provided ineffective assistance by failing to challenge (1) the admission of evidence of petitioner's prior drug conviction and (2) the government's knowing submission of perjured testimony against petitioner by key government witnesses. The district court's detailed discussion of why these claims lack merit is persuasive, *see Jackson,* 129 F.Supp.2d at 1065–66, and Jackson provides no convincing argument or evidence on appeal to establish that the district court's determination was incorrect.

Jackson also argues that his appellate counsel was ineffective in failing to challenge the composition of the jury under our decision in *United States v. Ovalle,* 136 F.3d 1092 (6th Cir.1998). However, we need not address this issue because the petitioner failed to raise it in his request for a certificate of appealability, and thus it is not properly before us for review.

### III. *CONCLUSION*

For the reasons set out above, we conclude that the judgment of the district court must be REVERSED. The case is REMANDED for further proceedings as outlined in this opinion.